09-0574-cr
USA v. Leto

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to summary orders filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the tenth day of November, two thousand and ten.

PRESENT:

    JOSÉ A. CABRANES,
    DENNY CHIN,

        *Circuit Judges,*

    STEFAN R. UNDERHILL,

        *District Judge.*[*]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,

       *Appellee,*

       -v.-                                 No. 09-0574-cr

FRANK LETO, a.k.a. Chickie,

       *Defendant-Appellant,*

LOUIS FENZA,

       *Defendant.*

---

[*] The Honorable Stefan R. Underhill of the United States District Court for the District of Connecticut, sitting by designation.

1

**FOR DEFENDANT-APPELLANT:**        MONICA R. JACOBSON, New York, NY.


**FOR APPELLEE:**        RICHARD M. TUCKER, Assistant United States Attorney (Loretta E. Lynch, United States Attorney, and David C. James, *on the brief*) United States Attorney's Office for the Eastern District of New York, New York, NY.


Appeal from a January 23, 2009 judgment of the United States District Court for the Eastern District of New York (Arthur D. Spatt, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be **AFFIRMED.**

On February 14, 2008, the government filed an indictment charging Frank Leto and his co-defendant, Louis Fenza, with one count of racketeering in violation of 18 U.S.C. §§ 1962(c), 1963; one count of participating in a racketeering conspiracy in violation of 18 U.S.C. §§ 1962(d), 1963; one count of participating in an extortion conspiracy in violation of 18 U.S.C. § 1951; and two counts of attempted extortion in violation of 18 U.S.C. § 1951(a).  Following protracted pre-trial proceedings as well as a trial by jury, Leto and his co-defendant were found guilty of all charges.  On January 23, 2009, Leto was sentenced principally to a term of three years' probation, the first year of which would be spent under house arrest.  This appeal followed.  We assume the parties' familiarity with the remaining factual and procedural history of the case.

On appeal, Leto argues that we should vacate his conviction for three reasons.  First, he claims the evidence against him was insufficient to sustain a verdict because it was based primarily upon the testimony of a single witness, did not prove an unlawful threat, and did not show a link between the extortionate acts and a criminal enterprise.  Second, he argues that the trial judge should have instructed the jury that "if there are two logical inferences that can be drawn in connection to a set of facts, one in favor of innocence and one in favor of guilt, you must draw the inference in favor of innocence." Third, he claims the trial judge improperly admitted into evidence certain highly prejudicial recordings of conversations (i.e., the "Ballfield Tapes") between Leto and Frank Campione, an alleged member of the Colombo crime family.

The defendant made essentially the same claims before the District Court in his motion for a new trial under Federal Rule of Criminal Procedure 33.  In its August 8, 2008 Memorandum of Decision and Order ruling on the defendant's motion, the District Court described in detail the evidence introduced at trial—including evidence of the existence of an enterprise, evidence of an unlawful threat, and evidence of a pattern of racketeering activity—that it deemed sufficient to sustain the guilty verdict against Leto.  The District Court also held that Leto's requested "inference" charge was improper under *United States v. Attanasio*, 870 F.2d 809, 818 (2d Cir. 1989), and *United States v. Inserra*, 34 F.3d 83, 91 (2d Cir. 1994).  Finally, the District Court held that the "Ballfield Tapes" were not improperly admitted as evidence because, among other things, the defendant failed to show that he had moved to exclude or had objected to the admission of the tapes before or during the trial.

2

For substantially the same reasons as those stated by the District Court, we find the defendant's arguments unavailing.

## **<u>CONCLUSION</u>**

We have considered each of the defendant's claims in turn and find them to be without merit. The judgment of the District Court shall be **AFFIRMED**.

FOR THE COURT,

Catherine O'Hagan Wolfe, Clerk of Court